Good morning, Your Honors. Jeffrey Tse on behalf of the appellant Dongbu Insurance Company, which I'll refer to as Dongbu shorthandedly. This case involves a general, or a question of insurance coverage, an insurance coverage law under a standard commercial general liability insurance policy, of which the operative coverage form is a standardized commercial general liability coverage form. And it was issued by Dongbu to the appellee, the Association of Apartment Owners of the Moorings, Inc., and I'll refer to the association as the association. I have a predicate question. It's based on my curiosity as somebody who used to do insurance coverage cases, and probably not covered by the record. There was an arbitration here. Yes. Did the insurance company provide counsel for the homeowners association in that arbitration? It did not. It did not. So the claim wasn't made until the arbitration concluded. Came down, right. Well, let me ask you this. It did not, was it asked? Not at the time, not timely. I see, okay. So it was a request that the arbitration award came out, the request was made to indemnify the association for the damages. So the first time the insurance company hears about this is, here's the arbitration award that includes attorney's fees. Okay, that's because in the normal course of events, one would expect that when there was a claim against the property owners association, they would tender it to their insurer to defend, and the insurer would defend the arbitration. Right. That didn't occur here. Right. But you're not, you didn't deny coverage because of that. That's correct. Okay, I was trying to figure out how insurance defense counsel let this get to, let the attorney's fees get so high in this case. If this had been presented to you at the time of the arbitration for, with a request to defend, would you have defended? It's a little bit speculative, but to answer you directly, I think the fairest I can answer that is, it's very possible there may have been a defense under reservation of rights. And the reason why I say that is there were two type of basic claims made in the arbitration against the association. One was a breach of contract claim based on the association to the unit owners who were claiming against them. The other type of claims were characterized by the arbitrator as tort based type claims, including a negligent infliction of emotional distress type claim and some other tort type claims. But the underlying claim was, seemed to me, property damage. There was a leak. Well, that's true. I mean, in terms of the facts, that's true. And you cover property damage, so you would have had to defend as to that, I think. Well, see, but it was in the context, the cause of action that they were primarily suing on with respect to those kinds of physical damage to the unit was a breach of contract claim. And generally, a breach of contract or contract related tort claims are not covered. We're taking it down a side path here. You don't dispute, and I take it covered, the property damage portion of this arbitration award. Okay. That's right. So the reason I'm going down this path for just a moment is that if you had been asked to defend and had you defended, you would have paid a lawyer to do so. And you would have been obligated under the contract to do so. That's right. So as a practical matter, what we may be fighting about here is that this lawyer got paid more than you would have paid the lawyer you would have employed. But to be very clear, the attorney's fees we're talking about here as to whether there's coverage under the policy are not the defense fees and costs incurred by the association. Oh, I'm sorry. I flipped it. Right. So they're the attorney's fees of the claimants. And so that's the difference. I'm sorry. I flipped it. Yeah. Yeah. Right. So that's the difference. I think we all agree this is a matter of reading the policy language. Right. And so tell me why you think the policy language excludes attorney's fees. When I look at the damage, not just any property damage obligations, but obligations because of why isn't that broad enough to include fees? Because our position is simply this. The operative portion of the policy that we're all looking at is the insuring agreement of this standard form, CGL coverage form. And the insuring agreement, the phrase that your honor just mentioned, in essence, sort of cherry picks the breadth of the entirety of the relevant portions of the insuring agreement. Because the insuring agreement reads as follows. We will pay those sums that the insured becomes legally obligated to pay as damages because of quote bodily injuries. So that's a defined term. Which is not included in this case. Right. Not involved here. Or quote unquote property damage. That's a defined term in the policy to which this insurance applies. And then there's another portion of the section. But that's why I asked the question. You did come. This insurance does apply to property damage. To the property damage that was incurred in this case. Generally speaking, that's true. But the phrase I wanted to alert your honors to, which does very much apply to the insuring agreement, is caused by an occurrence. So you have to read that in its entirety as opposed to cherry picking out the term damages, for example, or damages because of. It all goes together and you have to read that in context. But I'm just, I'll just read the sentence that you read to us. I mean it's the critical sentence. We will pay those sums that the insured becomes legally obligated to pay as damages because of property damage. Now because of property damage, it's clear that the attorney's fees are here because of the property, because of the property damage. The question is whether they qualify as damages because of the property damage. Well actually we dispute that they were awarded because of the property damage. Okay, in your view they were awarded because of what? Because of the breach of contract. They, the association lost on the breach of contract claim. And the arbitrator very specifically in the award relating to the award of the claimant's attorney's fees against the association prefaced the sentence by as the prevailing parties the award of attorney's fees are granted. That phraseology, if you will, that phrase to me keys in the application even though the arbitrator wasn't as specific of the Hawaii revised statutes 607-14 which is our statute that allows a prevailing party to recover attorney's fees against the losing party if you will. And that's what was the context and the legal basis of the award of attorney's fees. You're not contesting then that the word damages can include attorney's fees? We are contesting that very much. So you're contesting it on two levels then. Number one is not because of a number two even if it were because of this is not damaged attorney's fees aren't damages. If I can lead you kind of the chronology of the logic if you will is this. Number one that the award of attorney's fees as specifically awarded here to the prevailing party does not constitute damages. That the award of attorney's fees so the attorney's fees itself do not constitute either bodily injury or property damage as those terms are specifically defined in the policy. And moreover even if you were to to allow that attorney's fees might be damages because of property damage it's not damages because of property damage to which the insurance applies as caused by an occurrence. And that's because if I can jump to that point that's because as I mentioned the arbitrator is very specifically awarded the claimants damages based on their breach of contract. Tell me tell me I'm looking at the arbitrator's award. Yes. Tell me where I can find that he very specifically did it on the basis of a breach of contract. If I may go retrieve my. Sure because I'm all I see is and I'm arbitrator says claimants are determined to be the prevailing parties and awarded it doesn't say I'm basing it on a breach of contract. Well but when you read the arbitration award as a whole he rejected their tort based claims so he denied the tort based claims and he ruled that he was awarding the in the body of his arbitration decision indicated that he was ruling in favor of the claimants based on their breach of contract claims being the governing. But then then why do you cover them? If their breach if the arbitrator awarded damages based only on the breach of contract claims it would seem they're not nothing's covered. Well I would argue I would argue that that probably is true. But given the fact that you paid the judgment which could only be covered by the insurance policy if the if the $8,000 judgment was because of property damage how can we then conclude that the attorney's fees were not because of property damage? Because it well two ways you look at it even if you assume attorney's fees constitute damages. Right and we I understand your argument on that let's assume that they can constitute damage. Right so we're saying that as well first of all we're saying they're not because if they were really awarded essentially as a taxation of the. No we understand that what you have you're not waiving that argument I understand that your your view is attorney's fees are never damages but you have a different argument here who said these are not proper these are not caused because of property damage they're because of breach of contract. Property damage caused by an occurrence. Okay so if they're because of breach of contract is what you're saying. That's right. But then you wouldn't have to if everything that the arbitrator says that you're now relying on goes to also goes to his basic award of damages. Well and if I can mention put it this way I would concede that that is a strong argument that perhaps if the insurance company had followed certain advice probably shouldn't have needed to pay for. I guess the question is is there something when to stop over here you're paying them you're paying these $8,000 because they're covered by the policy but you're saying all the attorney's fees are not covered because they didn't arise out of property damage even though we've paid for the property damage. And I don't think so because from the writings that I'm aware of the insurance company in relating to the association as to what they were going to or what not what they were not going to pay had adequately reserved rights under the policy. So I don't believe this stopple argument would come into play because the insurance company did reserve rights specifically with the respect to the attorney's fees and the non coverage for the attorneys. You know if this were a pure question of whether or not under the policy your company would be obliged to pay for the repair to the from the water damage and the repair to the roof on the lanai and I read this and I said we will pay for property damage I would rule against you. I mean this this seems to me clearly covered by the policy or at the best I can say for you if not clearly covered by the policy the ambiguity is so slight that I would interpret the policy against your argument. Well if I would just say I think you were absolutely obliged to pay the $8,000. If if the claimants had sued with a tort claim against the association so let's say and see factually this is did not does not bear out the association was not the one who did the repairs in a sense of that they were not the contractors physically did the repairs. I believe that's why the claimants brought those particular breach of contract claims against association because they argued the association had a contractual duty to make whatever may do maintenance repairs etc. and so I would disagree respectfully that the quote-unquote property damage arose out of a covered claim because they rose out of a non-covered claim being breach of contract claim. Your honors I wanted to reserve at least a couple of minutes for possible rebuttal. Okay. And I apologize but if you of course if you have other questions at this point I'd be happy to try. Well why don't we hear from the other side and we'll make sure you have a chance to respond. Thank you very much. Good morning. May it please the court. I'm Alan Van Etten representing Plaintiff Appellee Association of apartment owners of the Moorings which I will refer to as plaintiff because that's referred to in the briefings. From what I've heard I agree with the court that is there these five there's one sentence we will pay those sums that the insured becomes legally obligated to pay. Now that's not an issue. There are sums and they're legally obligated to pay and there's as damages that's that issue. And then because of property damage to which this insurance applies and I respectfully submit that they they paid these property damage. But it's not just that they in our concise statement of facts we stated that they paid it and the wording wording for that is that they acknowledged coverage sent an email to counsel acknowledging coverage. I'm looking at the it looks like the classic email one gets from an insurance defense counsel which says look we're not going to fight about these two things even though we think we shouldn't have to pay them. We'll pay them out of the goodness of our heart but as to the third we won't pay it. I'm not sure that's a waiver of any kind is it? I mean they're not saying you're clearly covered for these two things don't worry about it. They say after carefully reviewing it we'll reimburse and pay it and they go on to explain why they won't pay the attorney's fees. Maybe an inconsistent position but it's not they're not saying this is covered are they? They're not the actual email says it's a coverage decision that's in the I was able to speak with Don. Right so with respect to with respect to the special damages attorney's fees and costs we'll pay the special damages and the costs but we won't pay the attorney's fees that's what they said. That's what they said was their coverage decision yes. That was their coverage decision now so you're saying that must mean that the first ones were that everything is covered because that way. I have motion for summary judgment and in our concise statement of facts we characterized it as acknowledging coverage for the special damages and costs awarded in the underlying arbitration. They did not contradict that as they are required to under the rules regarding concise statements of fact so that the court doesn't have to concern itself with facts that are not. We're still stuck with at least I want to hear you address I know we're stuck with it your colleagues argument that we covered those because those arose out of property damage but given the arbitrators award it's clear that the attorney's fees arose out of breach of contract and that's why we didn't cover them so could you respond to that well yes because they covered them and we our position it wasn't just in this concise statement we said it in our memorandum and support we said it in our reply and then at oral argument in the motion in the motion below motion for some cross motions for summary judgment the judge specifically said but here you're dealing with the covered damages right and the answer was yes that's right and we paid them so that's why it's not just the email no no maybe we're missing each other I want to I'm not sure it's a winning argument I just want to hear what your response is to your colleagues argument he says look maybe those were covered maybe the special damages were covered okay but when I look when we go back and parse the arbitrators award the attorneys fees were awarded because of breach of contract not because of property damage that's his argument and so I want to hear your response to that okay the question is whether property damage to which this insurance applies and then they're taking that to all the insurance only applies to property damage caused by an insurance and occurrence and there's no finding that there was an occurrence and I mean I guess that's what he's saying there's no finding that there was an occurrence I think what he's saying and I don't he makes the argument better than I but let me let me try to reconstruct it is that you made the arbitrator ruled for you on your contract claim or for the plaintiff on this contract claim but against the plaintiff on this toward the claim oh I have a and therefore the fee award must have been a contract based fee award not a tort based fee award so he then it sounds like he then and they throw this out the Burlington case decided by this court in 2004 which held that in a construction contract if they nailed the if they constructed the building defectively that was not covered because the duty to construct the building was contractual that's what he's saying so therefore if it's a breach of contract claim it's not covered now if that's what they had said even in their memorandum in opposition to us or in their motion for summary judgment we would have dealt with that that would have been an entirely different case I understand you're arguing waiver and it may well have been waived I mean it's not fair to us fair enough but I'm also wanted what you were let's assume that we were to take up this issue what's your response to your colleagues argument well first of all yes first of all he said that you can tell it refers to 607 14 which is the lawyer by statutes on a sum sit claims but as we state we didn't really think they would make a big deal of this we stated in a footnote but it is in there in our memorandum and in our answering brief 607 14 applies to us contract claims but only up to 25% of the amount awarded so if it was due if it was awarded pursuant to 607 14 it would have been 2,000 no 1,500 a quarter of the 6,000 what they're actually a fee award under our condominium statutes which actually provide for the duty to maintain and repair the common elements and provide that the if the Association doesn't it can be so it an action can be brought and if it's the Association's duty which it clearly found the if they had made this argument in their summary judgment motion there are I'm just give you one way that I've thought of as I was thinking that we would have dealt with it we would have distinguished Burlington this is not the reason this is a contract claim is in condominium law in Hawaii you have this statute and the statute says among besides the duty that it gives pursuant to this statute which I just related it also says you have to have a declarations and bylaws which lay all this out and so the plaintiffs attorneys often bring bring it as a breach of the bylaws rather than by the statute the record wasn't clear to me what they did or why they did it because it wasn't relevant to me because these because Dongbu said we're covering this now why they covered it counsel says well maybe it was they didn't take my advice I mean that's what I read into what he said I'm not saying that was what it was but it sounded like that to me and but that changes everything changes everything if they had said no this is a contract would have said no this is a condo statute this I think I know the answer to this but I want to make sure I've got it right the amount of the award for damages for property damage looks to me as though well there are two pieces number one that were arbitrators award says fix the roof and then the arbitrage award and pay this amount it looks to me as though the pay this amount is for damage to the owner to the owner's property rather than damage to pay the repair is that correct that's what it looks like to me right so the city is so the monetary award in the arbitrage award is not to fix the roof it's rather to repair the property that was damaged because of a leak that's that's how I read the arbitrators work right well I don't see anything in the policy that tells me that something either is or is not property damage depending upon the source of the obligation to pay for the property damage it's property damage whether it's resulting from a contractual obligation not not to protect the property whether it's resulting from a statute whether resulting from a tort obligation to refrain from damaging the property no we have property damage and there's a legal obligation to have refrained from damaging the property I see nothing in the policy that tells me that the source of the obligation to pay the damage changes the obligation the insurer now that's probably an argument addressed to you you may wish to address and rebuttal yeah may welcome out of a contractual obligation but the result is property damage and I don't see anything in the policy unless I'm going to be informed otherwise that tells me that isn't property damage within the meaning of the policy well I agree with you completely your honor but I'm one of those who would have if they had taken a different position would have in the alternative said perhaps we should reconsider or we should distinguish Burlington because Burlington really focused on a duty that was only in a contract right now that's my question can you have insurance coverage for a breach of contract you can have insurance coverage for damage property damage caused by an occurrence no I'm talking about in other words does that you know don't know much about insurance law but seems odd to have insurance coverage for a breach of contract well actually because presumably breach of contract is volitional and I know many states you know you can't cover intentional torts anyway all right and Hawaii is one of those you can't cover an intentional store aren't most breaches of contract intentional in other words you know says you know my my patio has been busted up by this bad roof cause you know rainwater to go there and you have the duty under the condominium Association documents to repair my patio because it was caused by the leaky roof right so you know if you make that kind of a contractual claim you think it's covered by insurance I think the insurance and the insurance policy doesn't distinguish between contractual and tort claims whether or not to be contractual claims are not covered under the insurance policy that's what Burlington holds a lot of other courts hold differently or distinguish it and that's what I would argue if if they had made all these claims I'm not sure it was made in in his articulate a fashion as this morning but I'm reading the transcript of the argument before the district court and to shot doesn't say there you know sometimes fees result from property damage and sometimes they result from contract damages and that's the distinction in this case I'm not I we don't have is we don't have any a supplemental in the excerpts of record the briefing on this but he does seem to at least touched on it below you you know so I'm wondering about your waiver argument we we do cite to it in our memorandum I didn't I didn't look this isn't this what the whole dispute about the Burlington case is about and whether Arizona law is the same as Hawaii law isn't that doesn't it fairly implicate this issue not Burlington no because if they thought Burlington had applied they would have said we are going to deny this claim because it arises out of a contract then we would have had the opportunity to address that totally different case for their own purposes they to the lower court they didn't it was never gotten into all of these questions may ask you a question about your position I think I know what your answer is but I want to be sure let's assume that the arbitrator said this is a covered claim there's property damage here I'm paying $8,000 $14,000 whatever but all the fees that were incurred not many much a large portion of the fees that were incurred in this case were incurred to try to prove a breach of contract that which I don't find so flip the facts around would the fees then be covered if he said that it's it's a breach of contract no because well first of all under the condominium statute they're awarded their fees doesn't say anything about contract I mean it gives a duty a duty on the Association and it says you shall maintain and repair and if you don't and you're sued for it you're gonna have to pay attorneys fees it doesn't say anything about contract or tort although the statute makes it into a tort because it gives a duty it's for the protection of the Association so I'm concerned that I might not have answered your question and and I must admit that I'm lost in the intricacies of Hawaii condominium law I take it that your answer is it really doesn't matter how the arbitrator characterized the award because it the award was made because of property insurance company said it was a covered claim understand that argument just okay okay because we're saying as damages because of property damage to which this insurance applies they answered that they said it was property damage to which the insurance applies they're now trying to say it wasn't property damages to which insurance applies but they didn't tell that to the court below and they didn't tell that to us and you're over time and unless there's someone else from the bench has further questions if you'd like to give us a quick little summary we're okay and and then as damages I would just like to say we fully briefed if damages has two different explanations and we they gave one definition we gave another in our answering brief Hawaii is clear that if it could go either way it goes for coverage and we have cases where if they had read the policy if they had changed for example this allows costs if they had said costs exclusive of attorneys fees we get that okay all right thank you nothing further thank you you save some time thank you your honor and I want to address two points that came up in the arguments by my colleague first of to direct the court that in terms of the order granting summary judgment and ultimately the judgment that appealed from waiver either waiver or estoppel was not a basis for the ruling my memory and I'm just I would say that I'm going by memory my memory is that during the oral arguments waiver and estoppel I don't believe were addressed but even if they were as I point out the district judge did not rely in terms of ordering and ruling against us based on waiver or estoppel and I don't believe those apply the second point I want to quickly bring up isn't partially in answer to the point you were making judge Fletcher and it was been mentioned about the Burlington case so I understand the temptation and I'll describe it that way to say well if there was some property damage and because the insuring agreement refers to coverage for property damage would be covered the governor if I could describe it that way almost like a governor to a vehicle or motorcycle is the term caused or the phrase caused by an occurrence and that's where the Burlington case comes in because and how is occurrence defined in this policy the standard definition so basically is defined as an accident quite simply and in the Burlington case there it was a construction defect case so there were a combination of contract breach of contract type claims as well as contract based tort claims such as negligent misrepresentation etc as it related to the construction contract and I wanted to point out because this court specifically noted that in the claims asserted by the plaintiff in Burlington against these contractors besides alleging generally breach of the construction contract there were allegations specifically that oceanic the primary designed or constructed the foundation of the residence which which caused earth movement and resulted in physical and structural damage to both the residents and the retaining walls so minimally there was at least allegations I don't know what kind of evidence ultimately came out for that summary judgment but there were specific allegations of quote-unquote property damage nevertheless given the nature of the claims that were being asserted and because of the importance of this definition of occurrence which serves as kind of a governor if you will to the rest of the insuring agreement this court ultimately ruled that those claims were not covered because they did not constitute an occurrence under the policy even though there were allegations of property damage so that was the point I wanted to make so unless the court has any other questions I wanted to thank the panel very much for allowing this chance to argue thank you both sides were very helpful arguments Association of apartment owners the moorings Inc. versus dongle insurance submitted for decision
judges: Tashima, W. Fletcher, Hurwitz